THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD KRZYZAN, Appellant.

County Court, Erie County, December 29, 1944.

*Harry A. Kulowski* for appellant.

*Leo J. Hagerty, District Attorney* (*Maurice Frey* of counsel), for respondent.

WARD, J. This is an appeal from the Police Court of the Village of Lancaster, Police Justice CLARENCE E. GRAY presiding.

On the 24th day of August, 1944, the defendant was convicted of a violation of subdivisions 1 and 2 of section 722 of the Penal Law. The judgment of conviction was that the defendant be " fined $25.00, suspended 60 days in the Erie County Penitentiary and placed on probation for one year, to report to the Erie County Probation Department, Mondays, in Town Hall, Lancaster." From this conviction and judgment the defendant appeals.

It appears from the Justice's return that an information was laid by the complainant John Witek before Justice GRAY on the 20th day of July, 1944, charging the defendant with a violation of subdivisions 1 and 2 of section 722 of the Penal Law. Thereafter and on the same day a criminal summons was issued by Justice GRAY in accordance with section 150 of the Code of Criminal Procedure, summoning the defendant to appear before Justice GRAY at the Village Hall on July 24, 1944, at 8:00 P.M.

Upon the return day thereof, the defendant appeared. He was advised of his rights and arraigned, pleaded " not guilty " and was granted an adjournment for two weeks to August 10, 1944.

On August 10, 1944, the defendant appeared with counsel, and his counsel moved " for dismissal of the information on the grounds that no crime had been committed and that the court had no jurisdiction under the section charged." This motion was denied and an exception was preserved, and the trial proceeded. At the end of the People's case, the attorney for the defendant moved " for dismissal of information and defendant:

" 1. Contrary to information
" 2. Facts not sufficient
" 3. Testimony at variance — Denied by the Court."

The defendant then proceeded with the defendant's case, and at the end of the defendant's case the attorney for the defendant " renewed his move for dismissal of the information and defendant:

" 1. Contrary to information
" 2. Facts not sufficient
" 3. Testimony at variance."

Motion was denied, although this denial does not appear on the return of the Justice. The defendant was found " guilty ", fined twenty-five dollars, and sentenced to the Erie County Penitentiary for sixty days, execution of which sentence was suspended and the defendant placed on probation for one year, to report on Monday nights to the Erie County Probation Department at the Village Hall.

By this appeal counsel for the defendant argues that the conviction should be reversed and the judgment vacated on the grounds: (1) no warrant was issued, and the court, therefore, was without jurisdiction to proceed; (2) the information was defective in that it did not set forth a crime; (3) the conviction was against the weight of the evidence, and the guilt of the defendant was not established beyond a reasonable doubt; and (4) the punishment imposed in the judgment of the court was excessive.

As to the first, the law is well established that the warrant is merely the process by which a defendant is brought before the court, and that the information is the foundation for the jurisdiction of the magistrate. If a defendant appears in response to a criminal summons and elects to stand trial, is arraigned and enters a plea, a warrant is not necessary and the magistrate has jurisdiction to proceed. The defendant made that election herein.

As to the second, an examination of the information satisfies this court that the information sets forth a violation of subdivisions 1 and 2 of section 722 of the Penal Law.

As to the third, a question of fact was clearly established, and the Trial Justice, acting as the trier of the fact, having the opportunity to hear and see the witnesses and determine their credibility, was entitled from the evidence reported on the return to determine the guilt of the defendant beyond a reasonable doubt.

As to the fourth, the punishment of disorderly conduct, being section 722 of the Penal Law, is provided by section 723 of the Penal Law, and reads, as follows:

" The offense of disorderly conduct is punishable as follows:

" 1. By imprisonment in a county jail or workhouse for a term not exceeding six months, or by a fine not exceeding fifty dollars, or by both;

" 2. By placing on probation for a term not to exceed two years."

A hasty reading of this section would seem to indicate that the magistrate was limited to a choice of the punishment provided either under paragraph 1 or paragraph 2 and that he could not punish the defendant by a combination of the punishments provided under paragraph 1 and the punishment provided under paragraph 2.

However, section 2188 of the Penal Law must be read in conjunction with section 723 of the Penal Law. The applicable portion of section 2188 of the Penal Law reads, as follows:

" The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation."

There is no limitation upon this provision other than that contained in the section itself which prohibits the suspension of the sentence or the execution thereof and the placing of the defendant on probation if he has been convicted of a crime punishable by death or life imprisonment, or if the defendant be convicted as a fourth offender under section 1942, or if the person is convicted of a felony committed while armed with a weapon as provided in section 1944. This section by statute restates the inherent power of a court to suspend a sentence or suspend the execution of the judgment. Also, section 483 of the Code of Criminal Procedure restates the inherent power of the court and provides for probation and the manner of carrying out the probation and the limitations of probation.

In view of section 2188 of the Penal Law and section 483 of the Code of Criminal Procedure we may well ask ourselves as to the purpose of paragraph 2 of section 723 of the Penal Law. If the court has the right to place any defendant, but for the exceptions contained in section 2188 of the Penal Law, on probation, why does the Legislature specifically so provide in subdivision 2? It seems to this court that the answer is found in section 933 of the Code of Criminal Procedure, which reads in part as follows: " The period of probation may not in the case of a child extend beyond his minority; in the case of any other defendant convicted of an offense less than a felony, not beyond three years; and in the case of a defendant convicted of a felony, for a term fixed by the court, judge or magistrate not beyond the maximum time for which he might be sentenced, except that for abandonment the period of probation may continue until the seventeenth birthday of the youngest child."

It is obvious that the Legislature is attempting to control the maximum periods of probation in keeping with the nature of the offense. Section 722 of the Penal Law is an offense being of a lesser grade even than that of a misdemeanor. Therefore, the Legislature has determined that the maximum period of probation should not be for a period of more than two years. Thus, the probationary period provided for in paragraph 2 of section 723 is a limitation on section 933 of the Code of Criminal Procedure.

It is interesting to note that the seldom used section 720 of the Penal Law, which also defines disorderly conduct, provides that a violation of that section is a misdemeanor. No punishment is provided by a separate section for a violation of section 720 of the Penal Law, and, therefore, the punishment for that section would be the general punishment provided for a misdemeanor wherein no specific punishment is provided, that being confinement not to exceed one year or a fine not to exceed $500 or both.

The judgment of the Police Court in the present matter does not exceed the statutory limits and is confined to the sound discretion of the Justice. There being no abuse of this discretion, the judgment should not be disturbed by the appellate court.

Conviction herein and judgment thereon is affirmed in all respects. Prepare and submit order.